IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| MICHAEL SCOTT JONES | * | Case No. 18-25698 |
| | * | |
| Debtor | * | Chapter 7 |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN OPPOSITION TO MOTION TO REOPEN BANKRUPTCY CASE

Bluebell Business Limited ("Bluebell"), by and through its undersigned attorneys, respectfully submits this memorandum in opposition to the Motion to Reopen Case [Dkt. 36] (the "Motion to Reopen") filed by Michael Scott Jones (the "Debtor").

## BACKGROUND

On January 25, 2017, Bluebell was granted a default judgment against the Debtor in the United Kingdom's High Court of Justice, Queen's Bench Division, Case No. Q16X03208 (the "U.K. Action") (the "U.K. Judgment"). Around six months later, Bluebell filed a Complaint [District Court Case Docket[1] No. 1] in the United States District Court for the District of Maryland (the "District Court") on July 31, 2017 commencing the case captioned *Bluebell Business Limited v. Michael Jones*, case no. 1: 17-cv-02150-RDB (the "District Court Case"). By way of its Complaint, Bluebell sought recognition and enforcement of the U.K. Judgment in the state of Maryland pursuant to the Maryland Uniform Foreign Money-Judgment Recognition Act, Md. Code Ann., Courts & Judicial Proceedings §§ 10-701 et seq., and the Maryland Uniform Enforcement of Foreign Judgment Act, Md. Code Ann., Courts & Judicial Proceedings, §§ 11-801 *et seq* (the "Recognition Claim").

---

[1] References to the District Court Case Docket shall be referred to herein as D.Ct.Dkt.

-1-

On November 11, 2017, the Debtor filed an Answer [D.Ct.Dkt. 2] to the Complaint in the District Court Case. By way of his answer, the Debtor generally denied the Bluebell's claims, asserted defenses, and raised various counterclaims (together, the "Counterclaims") all related to the substance of Bluebell's suit in the U.K.

On August 7, 2018, the District Court entered an Order [D.Ct.Dkt. 43] granting Bluebell's Motion to Bifurcate its claims from the Counterclaims. Part of the reason the District Court granted Bluebell's bifurcation motion was that Bluebell might have a *res judicata* defense to the Counterclaims, based on the theory that the Counterclaims either *were* brought, or *could have been brought*, in the U.K. Action and were disposed of therein either implicitly or explicitly. However, the District Court noted that the application of the *res judicata* defense would hinge, to some extent, on the determination of whether the U.K. Judgment would be recognized by the District Court in the first place.

Thus, the District Court determined that litigation would proceed first to address both Bluebell's primary claims against the Debtor and then to decide the legal underpinning of its *res judicata* defense to the Counterclaims.

On November 29, 2018 (the "Petition Date"), the Debtor commenced the instant proceeding by filing a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). The District Court recognized the operation of the automatic stay of Section 362 of the Bankruptcy Code and formally stayed the District Court Case by Marginal Order dated November 30, 2018 [D.Ct.Dkt. 77].

Bluebell commenced an adversary proceeding captioned *Bluebell Business Ltd. v. Michael Scott Jones*, Adversary No. 19-00074 (the "Adversary Proceeding") on or about March 11, 2019 seeking a denial of the Debtor's discharge. The Court rejected that argument, and the Debtor was

granted a discharge on August 24, 2021(the "Discharge Date") which resulted in, *inter alia*, a discharge of any personal liability that the Debtor may have to Bluebell on account of the U.K. Judgment. Although the Counterclaims were scheduled as assets in his bankruptcy case, the Chapter 7 Trustee abandoned them.

On February 17, 2022, the Debtor filed a Motion to Reopen[2] the District Court Case [D.Ct.Dkt. 78] purportedly to pursue his Counterclaims against Bluebell. On March 3, 2022, Bluebell filed its response[3] [D.Ct.Dkt. 92] where it submitted, among other things, that it did not object to the "lifting" of the stay in the District Court Case. Bluebell further pointed out that, while it clearly could not and would not maintain efforts to collect money from the Debtor related to the U.K. Judgment, the Recognition Claim remained relevant to the District Court Case for the purposes of determining whether the Counterclaims were barred by the doctrine of *res judicata*.[4]

On March 31, 2022 the Debtor, among a flurry of other filings irrelevant to this matter, filed his Voluntary Motion to Dismiss Counterclaims and Dismiss Case[5] [D.Ct.Dkt. 99] (the "Motion to Dismiss") seeking dismissal of the District Court Case. Bluebell filed its response[6] [D.Ct.Dkt. 101] to the Motion to Dismiss (the "Countermotion") on April 12, 2022. By way of its Countermotion, Bluebell consented to the Motion to Dismiss and reciprocally moved for the "simultaneous dismissal of its claims against [the Debtor] . . . as those claims were only being

---

[2] A copy of the Debtor's Motion to Reopen the District Court Case is attached hereto as <u>Exhibit A</u> (exhibits to exhibit excluded).
[3] A copy of Bluebell's response to the Debtor's Motion to Reopen the District Court Case is attached hereto as <u>Exhibit B</u>.
[4] Specifically, Bluebell stated that "[a]lthough Bluebell will no longer be entitled to any damages associated with the U.K. Judgment due to The Debtor' discharge in bankruptcy, the legal question of *recognition* of the U.K. Judgment will still provide the basis for Bluebell's *res judicata* defense to The Debtor' counterclaims." <u>Response</u> at p. 4.
[5] A copy of the Motion to Dismiss is attached hereto as <u>Exhibit C</u> (exhibits to exhibit excluded).
[6] A copy of the Countermotion is attached hereto as <u>Exhibit D.</u>

preserved in order for Bluebell to retain its *res judicata* defense in this case." See Countermotion at p. 3.

In spite of the parties' mutual consent to the dismissal of the District Court Case and the seeming resolution of the parties' disputes, on May 5, 2022 the Debtor filed the Motion to Reopen in this Court. In the first two (2) pages of the twenty-five (25) page paper, the Debtor asserts that the case should be "reopened to allow the Debtor to file and prosecute an action against [Bluebell] for violation of the discharge injunction." Motion to Reopen at p.2.

The balance of the Motion to Reopen includes what appears to be a draft "Motion for Order of Contempt for Violation of This Court's Bankruptcy Discharge" where the Debtor advances baseless allegations including, without limitation, that:

- Bluebell is "continuing litigation of pre-petition legal action against The Debtor" in the District Court Case; Motion to Reopen at p.5

- Bluebell is continuing such contact despite repeated notification by The Debtor that the discharge injunction was in effect; Motion to Reopen at pp. 6-7

- Bluebell is engaged in an attempt to intimidate the Debtor; Motion to Reopen at pp. 8-9; and

- Bluebell did all of the foregoing in bad faith.

Notwithstanding the Debtor's allegations to the contrary, and as set forth more fully herein, Bluebell never took any action which could constitute a violation of the discharge injunction. Indeed, it has been the Debtor who has multiplied litigation by making multiple affirmative filings in the District Court Case. Bluebell has been, and is currently, in the unfortunate position of having to repeatedly respond to these vacuous papers. There is no reason to prolong its predicament.

On May 13, 2022, in accordance with the express wishes of the parties, the District Court entered its Memorandum Order [D.D.Ct. 108] ("Dismissal Order")[7] dismissing the District Court Case, including the Counterclaims and Recognition Claim, **with prejudice**. Despite this, the Debtor is still intent on asking this Court to re-open his case to prosecute a futile claim against Bluebell.

This Court is not a field for windmill tilting. The Motion to Reopen should be denied.

## ARGUMENT

The Bankruptcy Code provides that "[a] case may be reopened . . . to administer assets, to accord relief to the debtor, *or for other cause*. 11 U.S.C. 350(b) (emphasis added). A decision to reopen a case is within the discretion of the bankruptcy judge and depends on the circumstances of the case. *In re Thompson*, 16 F. 3d 576, 581-82 (4th Cir. 1994). However, "the Court will not reopen a case if doing so would be futile." *In re Patterson*, 297 B.R. 110, 114 (Bkrtcy. E.D.Tenn. 2003) (*internal citations and quotations omitted*). It is futile to reopen a case when "the movant cannot ultimately obtain the substantive relief sought [and therefore] there is no reason to grant the motion." *In re Minech*, 632 B.R. 274, 280 (Bkrtcy. W.D. PA. 2021) (denying a motion to reopen brought by a creditor.

Section 524(a) of the Bankruptcy Code defines the scope of the discharge injunction. Relevant to the instant matter, it provides that "[a] discharge in a case . . . operates as an injunction against the commencement or continuation of an action . . . **to collect, recover or offset any such debt as a personal liability of the debtor**." 11 U.S.C. 524(a)(2) (emphasis added). The "discharge operates to permanently stay any attempt to hold the debtor personally liable for discharged debts." *In re Rosenfeld*, 23 F.3d 833, 836 (4th Cir. 1994). It follows therefore that

---

[7] A copy of the Dismissal Order is attached hereto as <u>Exhibit E.</u>

violations of the discharge injunction necessarily "require[s] some affirmative collection efforts on the part of a creditor." Such affirmative effort can be direct or coercive but, critically, in order to rise to the level of a violation, the goal of the alleged violation must be to "obtain payment of the discharged debt". *In re Meija*, 559 B.R. 431, 442 (Bkrtcy. D. Md. 2016). As such, violations occur where "the debtor is exposed to personal liability." *In re Fina*, 550 F. App'x 150, 154 (4th Cir. 2014)

The determination of whether a sanctionable violation has occurred leans on a two-part test being: "(1) whether the creditor violated the injunction, and (2) whether he or she did so willfully." *In re Morris*, 615 B.R. 189, 192 (Bkrtcy. D.Md. 2020) (citing and quoting *In re Fina*, 550 F. App'x 150, 154 (4th Cir. 2014)). In order to consider the first prong – which is the only one at issue in the instant matter – one must be mindful that violations only occur where "the debtor is exposed to personal liability." *In re Fina*, 550 F. App'x 150, 154 (4th Cir. 2014)

The Motion to Reopen should be denied as futile because, even if the case is reopened, the Debtor cannot prevail on a claim that Bluebell violated the discharge injunction. The reason is plain, Bluebell has never taken any action after the Discharge Date to collect or recover any discharged debt. Therefore, the Debtor would be unable to establish that a sanctionable violation of the discharge injunction occurred and the reopening of the case would be pointless.[8]

Indeed, Bluebell has, until the District Court Case was dismissed, maintained its claims in the District Court Action <u>solely</u> in a defensive manner and has never expressed any intention or taken any affirmative act to recover any discharged debt. As set forth more fully above, Bluebell maintained the Recognition Claim in order to preserve its defense that the Counterclaims were

---

[8] The Debtor has not indicated any reason(s) for reopening the case other than his desire to pursue a baseless claim for contempt against Bluebell.

barred by *res judicata*. Bluebell never took any affirmative acts to impose liability against the Debtor and, in fact, repeatedly represented to the District Court and the Debtor, through its papers, that it was never going to seek to impose any personal liability on the Debtor. Moreover, Bluebell never took <u>any</u> actual affirmative steps after the Discharge Date to prosecute its defense, it merely stated its intention to do so and requested that the District Court grant it the opportunity to do so.

Bluebell has therefore not only done nothing wrong; it has done nothing at all to utilize the Recognition Claim as a defense or otherwise.[9] The proposition that expressing an intention to utilize an otherwise discharged claim in a purely defensive manner, without actually taking affirmative steps to manifest that intention, could be a violation of the discharge injunction, let alone one likely enough to justify reopening a bankruptcy case, is preposterous.

Finally, at this point the District Court Case, and Bluebell's defensive "claims" against the Debtor have been dismissed with prejudice. As such, the instant request is moot as well as pointless.

## CONCLUSION

Considering the foregoing, reopening the Debtor's bankruptcy case would serve no purpose and therefore the Motion to Reopen must be denied.

*[Signature appears on following page]*

---

[9] Since the Discharge Date, Bluebell has filed several reactive papers and status update pleadings, but taken no affirmative action to either prosecute the Recognition Claim or to use the Recognition Claim as a defense to the Counterclaims other than indicate that it plans on using such claim as a defense.

                                                Respectfully submitted,

Dated: May 18, 2022                /s/ Joshua D. Bradley
                                                Joshua D. Bradley, Esq. (Bar No. 28821)
                                                Rosenberg Martin Greenberg, LLC
                                                25 South Charles Street, Suite 2115
                                                Baltimore, Maryland 21201
                                                Phone: (410) 649-4986
                                                Fax: (410) 727-1115
                                                jbradley@rosenbergmartin.com

                                                Attorneys for Bluebell Business Limited

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of May, 2022 copies of the foregoing Memorandum In Opposition to Motion to Reopen Bankruptcy Case were delivered: (1) via electronic notice through CM/ECF for those parties registered; (2) via email to the Debtor at mikebroadband@gmail.com; and (3) via First Class Mail to the Debtor at:

>Michael Jones
>1B RT 72
>100 Yards North from the Space
>San Juan Del Sur
>Nicaragua 25203571

>/s/ Joshua D. Bradley
>Joshua D. Bradley